Parker C. J.
delivered the opinion of the Court. In regord to personal property or chattels, the law is that trespass may be maintained by one who has the actual or constructive possession. Constructive possession is where the general owner, although the chattel is in the actual possession of another, has the right to reclaim it immediately, the person in possession *346 not being entitled to retain it against his will. A strong case to illustrate this position is put in Bac. Abr. Trespass, C, 2. If the owner of a chattel, which is in York, gives it to J S. who is in London, and it is taken or injured by a stranger, J. S. may maintain trespass.
The blacksmith’s shop, the subject of this suit, was mort gaged to the plaintiff to secure the payment of a debt in two years. We presume this mortgage to be valid against Henry S. Halsey the mortgager. The plaintiff, as mortgagee, had a right to the possession immediately. At the time the shop was pulled down, it was unoccupied, and therefore the possession was, according to the title, in the mortgagee. It is very clear that he had a right to an action of trespass for destroying it.[1]
As to the other defendant, he was a trespasser in taking away the materials ; the trespass was complete, when he moved off with the lumber, and the right of action then vested. The subsequent transactions with Fosket could not amount to a re lease, accord or relinquishment.

 See Lunt v. Brown, 13 Maine R. (1 Shepley,) 236; Phelps v. Willard, 16 Pick. 32; 1 Chitty on PI. (7th Am. edit.) 193, 194.